## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Jonathan Chambers**<br>22147 Old Town Rd.<br>Tehachapi, CA 93561<br><br>    Plaintiff,<br><br>v.<br><br>**United Collection Bureau, Inc.**<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around July 8, 2008, Defendant telephoned Plaintiff's former place of employment ("Company").

10. During the communication referenced in Paragraph 9, Defendant spoke to Plaintiff's former Coworker ("Coworker").

11. During the communication referenced in Paragraph 9, Coworker notified Defendant that Plaintiff did not work for Company.

12. During the communication referenced in Paragraph 9, Defendant represented to Coworker that Defendant needed to contact Plaintiff because Defendant was in the process of suing Plaintiff.

13. Despite the notice referenced in Paragraph 11, Defendant telephoned Company multiple times throughout the month of July.

14. On or around July 8, 2008, Plaintiff telephoned Defendant.

15. During the communication referenced in Paragraph 14, Plaintiff informed Defendant that Plaintiff intended to file bankruptcy.

16. During the communication referenced in Paragraph 14, Defendant represented to Plaintiff that Plaintiff would have to pay the debt whether or not Plaintiff filed bankruptcy.

17. During the communication referenced in Paragraph 14, Plaintiff notified Defendant that it was inconvenient for Plaintiff to speak at that time and would call Defendant back at a later time.

18. During the communication referenced in Paragraph 14, Defendant represented to Plaintiff that Defendant was going to serve Plaintiff with court papers and garnish Plaintiff's wages if Plaintiff did not return Defendant's phone call immediately.

19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Company.

35. The the threat of legal action to these parties is highly offensive.

36. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

38. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.

By: */s/ Jeffrey S. Hyslip*
Jeffrey S. Hyslip
Richard J. Meier
Sears Tower
233 S. Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
jsh@legalhelpers.com
rjm@legalhelpers.com
Attorneys for Plaintiff